# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEAN MARIANI,

    Plaintiff,

v.                                                                      Case No: 8:20-cv-2998-CEH-CPT

CHRISTOPHER NOCCO, JEFFREY
HARRINGTON, MICHAEL
FARRANTELLI, STACY JENKINS
and ED BECKMAN,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendants' Rule 1.04(b) Motion to Transfer Action [Doc. 11] and Plaintiff's Response in Opposition to Defendants' Motion to Transfer and Alternate Motion to Transfer and Memorandum of Law in Support Thereof [Doc. 15]. In their motion, Defendants request that the Court transfer this case to the Honorable Kathryn Mizelle, who is presiding over a related lawsuit filed by Christopher Squitieri—*Squitieri v. Nocco*, Case No. 8:19-cv-00906—raising similar claims against many of these same Defendants. [Doc. 11 at p. 1]. Plaintiff, however, opposes the transfer to Judge Mizelle and has requested that the cases be transferred back to Judge Honeywell for further handling. [Doc. 15 ¶ 4]. The Court, having considered the motion and the response, and being fully advised in the premises, will **DENY** Defendants' Rule 1.04(b) Motion to Transfer Action and Plaintiff's request to transfer.

## Background

Plaintiff is a former Lieutenant with the Pasco Sheriff's Office. [Doc. 1 ¶ 24]. He filed this action on December 16, 2020, alleging that Defendants forced him to resign by extorting him with the threat of taking his vacation and sick pay away and firing him if he refused to resign. *Id.* ¶ 30. It appears that the act giving rise to Defendants' action was Plaintiff's submission of a memorandum and inmate grievance—stating that a mentally ill inmate had been punched by a Deputy—to his captain for review. Plaintiff was subsequently written up in retaliation and later demoted from Lieutenant to Deputy. *Id.* ¶¶ 26-28. He was forced to resign in June 2018. *Id.* Among other things, Plaintiff alleges that Defendants have engaged in a practice of targeting those who would not exhibit undying loyalty to all operational demands the Defendants placed on them. *Id.* ¶¶ 16-23.

As Defendants points out, the claims asserted here were originally raised in *Squitieri, et al v. Nocco, et al,* Case No. 8:19-cv-906–KKM-AAS. Litigation which involved claims brought by eighteen named plaintiffs, including Plaintiff, against forty-five named Defendants. [Doc. 11 ¶ 3]. The Court ordered a severance of the claims and permitted at least one Plaintiff to amend the complaint and the remaining Plaintiffs to file separate actions. *Id.* ¶ 4. Ten of these plaintiffs, including Plaintiff, filed independent actions. *Squitieri* was subsequently reassigned to Judge Mizelle. *Id.* ¶¶ 4-5. Plaintiff's claims are purportedly substantively similar to those asserted by *Squitieri* and the factual allegations are purportedly duplicative. *Id.* ¶ 6.

Defendants seek a transfer of this case to Judge Mizelle pursuant to Florida Middle District Local Rule 1.04,[1] "[d]ue to the repetitive nature of the claims asserted, the similarity of defendants, the common questions of fact that each case presents, and the developed record of which Judge Mizelle is familiar with."[2] *Id*. ¶ 8. In response, Plaintiff contends that in the interest of judicial economy, the cases would be best placed with the Undersigned due to her extensive time presiding over this action when it was originally filed as a multi-plaintiff action. [Doc. 15 ¶ 10]. Additionally, Plaintiff argues that it would take a significant amount of time and resources for a new judge to become familiar with the history, claims, and issues in these cases. *Id*. ¶ 11.

## Discussion

Pursuant to Middle District Local Rule 1.07(a)(2)(B), "[i]f actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned to the first-filed action." While the standard for transfer cited by Defendants is no longer entirely accurate, the Court notes that Defendants have alleged that the facts in this case are duplicate of those in *Squitieri* and the claims are substantively similar. [Doc. 11 ¶ 6]. The Court, however, does not agree. In fact, the Court explained at length in *Squitieri* that "Plaintiffs seemingly intend to link the parties to [the] action together based on

---

[1] The new Local Rules for the Middle District of Florida went into effect on **February 1, 2021**, and now govern this action. The are several changes to the new Local Rules, which counsel are expected to be familiar with. One such change is that transfer of an action is no longer governed by Local Rule 1.04. Instead, it is now governed by Local Rule 1.07.
[2] Defendants also seek to transfer to Judge Mizelle the cases refiled following the severance. [Doc. 12].

Plaintiffs' description of broad commonalities." *Squitieri*, No. 8:19-cv-00906, Doc. 184 at p. 7. The Court further pointed out that "each count describe[d] acts or omissions distinct from other counts, often during separate periods in time" and that a search for a series of transactions or occurrences proved unavailing. *Id.* at pp. 7-8.

In light of the Court's observations in relation to the unsevered complaint in *Squitieri,* and based on its review of Plaintiff's complaint in this case, the Court does not find that a transfer to Judge Mizelle is needed for purposes of efficiency or consistency. While the complaint alleges that Defendants have engaged in a practice of targeting those who would not exhibit undying loyalty to all operational demands, the specific facts giving rise to Plaintiff's case are not duplicative of the facts giving rise to the other cases. That the Defendants and claims are similar does not support a transfer of this action. Further, Defendants failed to establish the likelihood of inconsistency in court rulings if this case is not transferred. As such, transfer of this case to Judge Mizelle is not warranted.

The Court notes that the Defendants' motions to transfer these severed cases have been handled differently by different judges in this division, some severed cases were transferred to Judge Mizelle and others were not. *See Gibson v. Nocco*, et al, Case No. 8:20-cv-2992-WFJ-SPF; *Hazelton v. Nocco*, et al, Case No. 8:20-cv-2993-SCB-AAS; *Kriz v. Nocco*, et al, Case No. 8:20-cv-2995-TPB-SPF; *Pearn v. Nocco*, et al, Case No. 8:20-cv-2999-MSS-SPF. This is consistent with how such cases have been handled in this division of the Middle District of Florida. Moreover, the Court's order severing the claims of the eighteen plaintiffs due to misjoinder and directing the filing of new

4

cases for the remaining seventeen plaintiffs is consistent with how such matters have been handled in this division of the Middle District of Florida. *See Richardson v. Merck & Co., Inc.*, et al, Case No. 8:18-cv-1488-SDM-AEP (M.D. Fla. July 17, 2018) (claims severed and clerk directed to open nineteen cases and to randomly assign each case to a district judge in Tampa); *Walters v. BMW of N. Am.*, Case No. 8:18-cv-2875-TPB-CPT, 2019 WL 6251366 (M.D. Fla. Nov. 22, 2019) (claims severed and dismissed without prejudice, but may be commenced in separate individual actions); *Unbehagen Tax and Acct., Inc.*, et al v. *JP Morgan Chase Bank, N.A.*, et al, Case No. 8:20-cv-1709-MSS-CPT 2020 WL 6498620 (M.D. Fla. Oct. 16, 2020) (claims severed with directions that claims asserted against the remaining defendants be filed separately).

Additionally, to the extent Plaintiff is seeking a transfer of all the cases to the Undersigned, that request does not comport with Local Rule 3.01(a) and will be denied. Accordingly, it is

**ORDERED**:

1. Defendants' Rule 1.04(b) Motion to Transfer Action [Doc. 11] is **DENIED**.

2. Plaintiff's request to transfer all the cases back to Judge Honeywell for further handling raised in the Response in Opposition to Defendants' Motion to Transfer and Alternate Motion to Transfer and Memorandum of Law in Support Thereof [Doc. 15] is also **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 27, 2021.

5

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any